**NOT RECOMMENDED FOR PUBLICATION**
**File Name: 18a0511n.06**

**No. 18-1155**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| LUKE WAID; MICHELLE RODRIGUEZ; S.R., a minor child, | ) ) ) | **FILED**<br>Oct 15, 2018<br>DEBORAH S. HUNT, Clerk |
| Plaintiffs-Appellees, | ) ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| STEPHEN BUSCH; LIANE SHEKTER SMITH; ADAM ROSENTHAL; PATRICK COOK; MICHAEL PRYSBY; BRADLEY WURFEL, | ) ) ) ) | COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| Defendants-Appellants. | ) ) ) | |

BEFORE: CLAY and GRIFFIN, Circuit Judges; ZOUHARY, District Judge.[*]

PER CURIAM.

This matter represents the third time these defendants have appealed an order remanding a state law tort action arising out of the Flint Water Crisis back to the courts of the State of Michigan. Defendants worked for the Michigan Department of Environmental Quality (MDEQ) during the crisis, each playing a key role in either the City of Flint distributing water to its residents in a manner that caused lead and other harmful contaminants to leach into the water supply or the MDEQ failing to adequately respond after the water problems became apparent. Plaintiffs filed a complaint in the Genesee County Circuit Court asserting a variety of claims against defendants,

---

[*]The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

including gross negligence, intentional misconduct, fraud, assault, battery, intentional infliction of emotional distress, and violations of the Safe Drinking Water Act. The complaint requests compensatory damages, costs, interest, attorney fees, and injunctive and declaratory relief. After defendants removed the case to the Eastern District of Michigan, the district court granted plaintiffs' motion to remand for lack of jurisdiction. Defendants challenge the district court's remand order on multiple fronts.

First, defendants argue they were fulfilling duties delegated to the MDEQ by the Environmental Protection Agency (EPA), including interpreting the Safe Drinking Water Act (SDWA), 42 U.S.C. § 300f *et seq.*, and the EPA's Lead and Copper Rule (LCR), 40 C.F.R. § 141.80 *et seq.*, and therefore could remove this case under the federal-officer removal statute, 28 U.S.C. § 1442(a)(1). We rejected that exact claim in *Mays v. City of Flint*, 871 F.3d 437, 449 (6th Cir. 2017); we did so again in *Nappier v. Snyder*, 728 F. App'x 571, 574–75 (6th Cir. 2018); and we do so once more here. *Mays* is outcome determinative on the federal-officer removal issue and we must follow it. *See, e.g.*, *United States v. Lee*, 793 F.3d 680, 684 (6th Cir. 2015) ("[A] later panel of the court cannot overrule the published decision of a prior panel . . . in the absence of en banc review or an intervening opinion on point by the Supreme Court.").

Second, defendants contend 28 U.S.C. § 1441(a)'s federal question removal provision applies because plaintiffs' complaint (1) presents a "substantial federal question" as plaintiffs' "claims are inextricably intertwined with the construction, interpretation, and effect of the SDWA and the LCR"; and (2) alleges two causes of action under the SDWA for which the district court had original jurisdiction. With respect to the former, in *Mays* we found unpersuasive the defendants' contention that the plaintiffs' state-law tort claims were "inextricably related to the interpretation of the LCR" and reiterated that "garden-variety tort claims" "arising out of violations

of a federal statute do not merit federal jurisdiction." 871 F.3d at 449–50; *see also Nappier*, 728 F. App'x at 575 (similar). Defendants largely duplicate the same arguments they made in *Mays* (and in *Nappier*), and articulate no reason why *Mays* does not equally control here. (After mentioning *Mays* as the district court's basis for rejecting their substantial federal question argument, defendants' brief does not mention it again.)

As to the latter, we agree with the district court that although counts three and four of plaintiffs' complaint purport to raise standalone SDWA violations, they do not. The SDWA's citizen-suit provision allows "any person [to] commence a civil action on his own behalf . . . against any person . . . who is alleged to be in violation of any [SDWA] requirement," and grants district courts with jurisdiction to hear such actions. 42 U.S.C. § 300j-8(a)(1). As we recognized in *Mays*, this cause of action is limited—"there is no private right of action for damages arising from a violation of the SDWA or the LCR." 871 F.3d at 450. Plaintiffs may only seek prospective injunctive relief for ongoing violations, and, if successful, may recover costs and fees. *See* 42 U.S.C. § 300j-8(d). Here, counts three and four allege violations of the SDWA, more specifically the LCR's notification provisions (count three) and its corrosion control requirements (count four). (Citing 40 C.F.R. §§ 141.85(d)(1), (d)(2); 141.82(g)). Count three does not seek any specific relief, and count four "demand[s] a judgment in excess of Twenty-Five Thousand ($25,000.00) Dollars, together with costs, interest and attorney fees." Neither count approaches requesting injunctive relief for these alleged violations,[1] and we therefore agree with the district

---

[1]We acknowledge plaintiffs' complaint mentions injunctive relief in two ways. First, paragraph 127 generally seeks "injunctive relief as allowed by law and required by justice, including, but not limited to, an order compelling Defendants to take specific actions to cleanup, remediate, and/or correct the contamination, and any other action this court deems just." Counts three and four incorporate this paragraph by reference. Second, paragraphs 205–11 provide the basis for plaintiffs' count five, a request for injunctive and declaratory relief to prevent water shut-

court that these counts are best characterized as the ways in which plaintiffs contend defendants breached duties in support of their state law claims. This is insufficient to confer federal-question jurisdiction. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 814 (1986).

For these reasons, we affirm the judgment of the district court.

---

offs based upon plaintiffs' failure to pay for water services. These generalized averments do not request an order from the district court requiring defendants to cure the asserted SDWA violations, and we therefore find unpersuasive defendants assertions that federal-question jurisdiction is proper based on these requests.